FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2020 MAR 10 PM 3: 25

CLERK_____
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 418-119 |
| | ) | |
| PRINCESS SHANTA DAVIS | ) | |
| a/k/a "Princess Jones" | ) | |

## PLEA AGREEMENT

Defendant Princess Shanta Davis, a/k/a "Princess Jones," represented by her counsel, Scott G. Reddock, and the United States of America, represented by Assistant United States Attorney Tania D. Groover, have reached a plea agreement in this case. The terms and conditions of that agreement are as follows.

1. <u>Guilty Plea</u>

Defendant agrees to enter a plea of guilty to the lesser included offense in County One, Count Two, and Count Eight, which charges a violation of 21 U.S.C. § 846, 18 U.S.C. § 371, and 18 U.S.C. § 1956(h).

2. <u>Elements and Factual Basis</u>

The elements necessary to prove the offense charged in the lesser included offense in Count One are (1) two or more people in some way agreed to try to accomplish a shared and unlawful plan to possess marijuana, a Schedule I controlled substance; (2) the defendant knew the unlawful purpose of the plan and willfully joined in it; and (3) the object of the unlawful plan was to possess with the intent to distribute marijuana.

The elements necessary to prove the offense charged in Count Two are (1) two or more persons in some way agreed to try to accomplish a shared and unlawful plan, that is, to use interstate facilities to promote a prostitution business; (2) the defendant knew the unlawful purpose of the plan and willfully joined in it; (3) during the conspiracy, one or more conspirators knowingly engaged in at least one overt act as described in the indictment; and (4) the overt act was committed at or about the time alleged and with the purpose of carrying out or accomplishing some object of the conspiracy.

The elements necessary to prove the offense charged in Count Eight are (1) two or more persons in some way agreed to try to accomplish a shared and unlawful plan, that is, to violate 18 U.S.C. § 1956; and (2) the defendant knew the unlawful purpose of the plan and willfully joined in it.

Defendant agrees that she is, in fact, guilty of these offenses. She agrees to the accuracy of the following facts, which satisfy each of the offense's required elements for the lesser included offense in Count One:

Beginning at a time unknown to the Grand Jury, but at least from in or about 2009 and continuing through on or about January 2, 2018, the precise dates being unknown, in Chatham County, within the Southern District of Georgia, and elsewhere, Defendant Princes Davis, and other conspirators named in the indictment, and others not named in the indictment, with some joining the conspiracy earlier and others joining later, conspired to possess with intent to distribute a quantity of marijuana, a Schedule I controlled substance, in violation of Title 21, United States

Code, Section 846 and Title 18, United States Code, Section 2.

She further agrees to the accuracy of the following facts, which satisfy each of the offense's required elements for Count Two:

Beginning at a time unknown to the Grand Jury, but at least from in or about 2015 and continuing through on or about January 2, 2018, the precise dates being unknown, in Chatham County, within the Southern District of Georgia, and elsewhere, Defendant Princes Davis, and other conspirators named in the indictment, and others not named in the indictment, with some joining the conspiracy earlier and others joining later, conspired to use facilities in interstate commerce, namely cell phones, with the intent to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment and carrying on of an unlawful prostitution business, which constitutes a violation of the laws of the state of Georgia, and thereafter performed an act to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment, and carrying on of such unlawful activity, in violation of Title 18, United States Code, Sections 1952 and 2. The defendant agrees that the object of the conspiracy was to make money by promoting a prostitution business. The defendant further agrees that members of the conspiracy used the manner and means – as outlined in the indictment – to further the goals of the prostitution business. The defendant further agrees to the overt acts – as outlined in the indictment – were committed by at least one conspirator in furtherance of the conspiracy to accomplish the object of the conspiracy.

She further agrees to the accuracy of the following facts, which satisfy each of the offense's required elements for Count Eight:

Beginning at a time unknown to the Grand Jury, but at least from in or about 2009 and continuing through on or about January 2, 2018, the precise dates being unknown, in Chatham County, within the Southern District of Georgia, and elsewhere, Defendant Princes Davis, and other conspirators named in the indictment, and others not named in the indictment, with some joining the conspiracy earlier and others joining later, conspired to conduct and attempt to conduct financial transactions affecting interstate commerce, with funds which were proceeds of a specified unlawful activity, that is conspiracy to possess with intent to distribute marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1), and which the defendants knew to be the proceeds of some form of unlawful activity, and did conspire to do so with the intent to promote the carrying on of the aforesaid specified activity, in violation of Title 18, Unite States Code, Section 1956(a)(1)(A)(i). The defendant further agrees to the overt acts – as outlined in the indictment – were committed by at least one conspirator in furtherance of the conspiracy to accomplish the object of the conspiracy. The defendant further agrees that this was all in violation of Title 18, United States Code, Sections 1956(h) and 2.

3. <u>Possible Sentence</u>

Defendant's guilty plea will subject her to the following possible maximum penalties for the lesser included offense in Count One: not more than five years'

imprisonment, at least 2 years' supervised release, not more than a $250,000 fine, and a $100 special assessment.

Defendant's guilty plea will subject her to the following possible maximum penalties for Count Two: not more than five years' imprisonment, not more than 3 years' supervised release, not more than a $250,000 fine, and a $100 special assessment.

Defendant's guilty plea will subject her to the following possible maximum penalties for Count Eight: not more than 20 years' imprisonment, not more than 3 years' supervised release, not more than a $500,000 fine, and a $100 special assessment.

4.   No Promised Sentence

No one has promised Defendant that the Court will impose any particular sentence or a sentence within any particular range. The Court is not bound by any estimate of sentence given by Defendant's counsel, the government, the U.S. Probation Office, or anyone else. The Court may impose a sentence up to the statutory maximum. Defendant will not be allowed to withdraw her plea of guilty if she receives a more severe sentence than she expects.

5.   Court's Use of Guidelines

The Court is obligated to use the United States Sentencing Guidelines to calculate the applicable guideline range for Defendant's offense and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), in determining her sentence. The Sentencing

Guidelines are advisory; the Court is not required to impose a sentence within the range those Guidelines suggest. The Sentencing Guidelines are based on all of Defendant's relevant conduct, pursuant to U.S.S.G. § 1B1.3, not just the facts underlying the particular Count to which Defendant is pleading guilty.

6. <u>Agreements Regarding Sentencing Guidelines</u>

    a.    <u>Acceptance of Responsibility</u>

The government will not object to a recommendation by the U.S. Probation Office that Defendant receive a two-level reduction in offense level for acceptance of responsibility pursuant to Section 3E1.1(a) of the Sentencing Guidelines. If the U.S. Probation Office makes that recommendation, and Defendant's offense level is 16 or greater prior to any reduction for acceptance of responsibility, the government will move for an additional one-level reduction in offense level pursuant to Section 3E1.1(b) of the Sentencing Guidelines based on Defendant's timely notification of her intention to enter a guilty plea.

    b.    <u>Use of Information</u>

The government is free to provide full and accurate information to the Court and U.S. Probation Office for use in calculating the applicable Sentencing Guidelines range.

    c.    <u>Weapon Possession Enhancement</u>

The government and Defendant agree to recommend to the U.S. Probation Office and the Court at sentencing that the enhancement for weapon possession in Section 2D1.1(b)(1) should not apply to Defendant.

    d.    <u>Quantity of Drugs</u>

The government and Defendant agree to recommend to the U.S. Probation Office and the Court at sentencing that, for purposes of Section 2D1.1 of the Sentencing Guidelines, the offense involved at least 700 but less than 1,000 kilograms of marijuana.

7.    <u>Cooperation</u>

    a.    <u>Complete and Truthful Cooperation Required</u>

Defendant must provide full, complete, candid, and truthful cooperation in the investigation and prosecution of the offenses charged in her Indictment and any related offenses. Defendant shall fully and truthfully disclose her knowledge of those offenses and shall fully and truthfully answer any question put to her by law enforcement officers about those offenses.

This agreement does not require Defendant to "make a case" against any particular person. Her benefits under this agreement are conditioned only on her cooperation and truthfulness, not on the outcome of any trial, grand jury, or other proceeding.

    b.    <u>Motion for Reduction in Sentence Based on Cooperation</u>

The government, in its **sole discretion**, will decide whether Defendant's cooperation qualifies as "substantial assistance" pursuant to U.S.S.G. § 5K1.1 or Fed. R. Crim. P. 35 and thereby warrants the filing of a motion for downward departure or reduction in Defendant's sentence. If such a motion is filed, the Court, in its sole

discretion, will decide whether, and to what extent, Defendant's sentence should be reduced. The Court is not required to accept any recommendation by the government that the Defendant's sentence be reduced.

8. <u>Restitution</u>

The amount of restitution ordered by the Court shall include restitution for the full loss caused by Defendant's total criminal conduct. Restitution is not limited to the specific counts to which Defendant is pleading guilty. Any restitution judgment is intended to and will survive Defendant, notwithstanding the abatement of any underlying criminal conviction.

9. <u>Forfeiture</u>

a. The Defendant agrees to forfeit her interest in any property used or intended to be used to commit or facilitate the commission of the offenses to which she has agreed to plead guilty, specifically, her interest (1) Wells Fargo Account Numbers ending in 3987; (2) Wells Fargo Account Numbers ending in, 3695; (3) Wells Fargo Account Numbers ending in 8592; (4) Wells Fargo Account Numbers ending in 0411; (5) Wells Fargo Account Numbers ending in 5393; (6) Wells Fargo Account Numbers ending in 5064; (7) Wells Fargo Account Numbers ending in 5941; (8) Wells Fargo Account Numbers ending in 0728; (9) Wells Fargo Account Numbers ending in 0870; (1) Wells Fargo Account Numbers ending in 4946; and (11) Wells Fargo Account Numbers ending in 4260, hereinafter referred to as the "Subject Property."

b. Defendant agrees to take all steps requested by the United States to facilitate transfer of title of the Subject Property to the United States, including but not limited to the signing of a consent order or decree, a stipulation of facts regarding the transfer and basis for the forfeiture, and any other documents necessary to effectuate such transfer. Defendant further agrees not to file any claim, answer, or petition for remission or mitigation in any administrative or judicial proceeding pertaining to the Subject Property. If any such a document has already been filed, Defendant hereby withdraws that filing.

c. Defendant waives and abandons all right, title, and interest in the Subject Property. In addition, Defendant waives and abandons her interest in any other property that may have been seized in connection with this case.

d. Defendant agrees to hold the United States and its agents and employees harmless from any claims made in connection with the seizure, forfeiture, or disposal of property connected to this case. Defendant further agrees to waive the requirements of the Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that she understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise her of this pursuant to Rule 11(b)(1)(J), at the time her guilty plea is accepted.

e. Defendant agrees to waive any and all constitutional, statutory, and equitable challenges on any grounds to the seizure, forfeiture, and disposal of any

property seized in this case. Defendant specifically agrees to waive any claims, defenses or challenges arising under the Double Jeopardy Clause of the Fifth Amendment and the Excessive Fines Clause of the Eighth Amendment.

10. <u>Waivers</u>

   a. <u>FOIA and Privacy Act Waiver</u>

   Defendant waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

   b. <u>Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 Waiver</u>

   Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant during the course of plea discussions or plea proceedings. Defendant knowingly and voluntarily waives the protections of these rules. If Defendant fails to plead guilty, or her plea of guilty is later withdrawn, all of Defendant's statements in connection with this plea, and any leads derived therefrom, shall be admissible for any and all purposes.

11. <u>Required Financial Disclosure</u>

   Not later than 30 days after the entry of her guilty plea, Defendant shall provide to the United States, under penalty of perjury, a financial disclosure form

listing all her assets and financial interests, whether held directly or indirectly, solely or jointly, in her name or in the name of another. The United States is authorized to run credit reports on Defendant and to share the contents of the reports with the Court and U.S. Probation.

12. Defendant's Rights

Defendant has the right to be represented by counsel, and if necessary have the court appoint counsel, at trial and at every other critical stage of the proceeding. Defendant possesses a number of rights which she will waive by pleading guilty, including: the right to plead not guilty, or having already so pleaded, to persist in that plea; the right to a jury trial; and the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

13. Satisfaction with Counsel

Defendant has had the benefit of legal counsel in negotiating this agreement. Defendant believes that her attorney has represented her faithfully, skillfully, and diligently, and she is completely satisfied with the legal advice given and the work performed by her attorney.

14. Breach of Plea Agreement

If Defendant breaches the plea agreement, withdraws her guilty plea, or attempts to withdraw her guilty plea, the government is released from any agreement herein regarding the calculation of the advisory Sentencing Guidelines or the appropriate sentence. In addition, the government may (1) declare the plea

agreement null and void, (2) reinstate any counts that may have been dismissed pursuant to the plea agreement, and/or (3) file new charges against Defendant that might otherwise be barred by this plea agreement. Defendant waives any statute-of-limitations or speedy trial defense to prosecutions reinstated or commenced under this paragraph.

15. <u>Entire Agreement</u>

This agreement contains the entire agreement between the government and Defendant.

*Signatures on the Following Page*

BOBBY L. CHRISTINE

UNITED STATES ATTORNEY

_____  _____
Date         Karl I. Knoche
             Georgia Bar No. 426624
             Assistant United States Attorney
             Criminal Division Chief

_____  */s/ Tania D. Groover*
Date         Tania D. Groover
             Georgia Bar No. 127947
             Assistant United States Attorney

I have read and carefully reviewed this agreement with my attorney. I understand each provision of this agreement, and I voluntarily agree to it. I hereby stipulate that the factual basis set out therein is true and accurate in every respect.

11-19-2019   */s/ Princess Davis*
Date         Princess Shanta Davis
             a/k/a Princess Jones
             Defendant

I have fully explained to Defendant all of her rights, and I have carefully reviewed each and every part of this agreement with her. I believe that she fully and completely understands it, and that her decision to enter into this agreement is an informed, intelligent, and voluntary one.

11/19/19     */s/ Scott G. Reddock*
Date         Scott G. Reddock
             Defendant's Attorney

Page 13 of 13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR 418-152 |
| | ) | |
| v. | ) | |
| | ) | |
| PRINCESS SHANTA DAVIS | ) | |
| a/k/a "Princess Jones" | ) | |

### ORDER

The aforesaid Plea Agreement, having been considered by the Court in conjunction with the interrogation by the Court of the defendant and the defendant's attorney at a hearing on the defendant's motion to change her plea and the Court finding that the plea of guilty is made freely, voluntarily and knowingly, it is thereupon,

ORDERED that the plea of guilty by defendant be, and it is, hereby accepted and the foregoing Plea Agreement be, and it is, hereby ratified and confirmed.

This _10th_ day of _MARCH_ ~~2019~~ 2020.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA